UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON – AT SEATTLE

| | |
|---|---|
| ROBERT WARREN, ZACHARY METZGER, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PACCAR INC.; KENWORTH TRUCK COMPANY; and DOES 1 through 5, inclusive,<br><br>Defendants. | NO. 2:26-cv-02722<br><br>**DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL**<br><br>King County Superior Court<br>Case No. 26-2-19714-8 KNT |

Defendant PACCAR Inc and its unincorporated internal department Kenworth Truck Company ("PACCAR" or "Defendant"), by and through its undersigned counsel, hereby petitions for and gives notice of removal of the above-captioned action from the Superior Court of Washington for King County to the United States District Court for the Western District of Washington at Seattle. Removal is proper because this Court has original jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Removal is also proper, at least in part, because certain claims asserted by Plaintiff Robert Warren are completely preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and therefore arise under federal law. Removal is authorized by 28 U.S.C. §§ 1331, 1332(d), 1441, 1446, and 1453. This Notice is timely under 28 U.S.C. § 1446. This Notice is supported by the accompanying



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WASHINGTON 98101
TEL.: (206) 682-2308 | FAX: (206) 682-7908

Declarations Matthew J. Macario ("Macario Decl.") and of Kierstin Cavner in Support of Removal ("Cavner Decl.") and the exhibits thereto.

## I. BACKGROUND

On June 18, 2026, Plaintiff Robert Warren ("Plaintiff Warren"), purportedly on behalf of himself and a putative class, filed a complaint entitled Class Action Complaint for Damages in the Superior Court of Washington for King County, captioned *Warren v. PACCAR Inc., et al.*, Case No. 26-2-19714-8 KNT (the "Complaint"). On July 28, 2026, Plaintiff Warren and Plaintiff Zachary Metzger ("Plaintiff Metzger") (collectively, "Plaintiffs") filed a First Amended Class Action Complaint for Damages ("FAC"). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint and FAC, process, pleadings, and orders served upon Defendant are included. Macario Decl., Exhs. A-I. The allegations of the Complaint are incorporated by reference solely for purposes of this Notice and without admission or agreement as to the truth, accuracy, or legal sufficiency of any allegation.

The FAC adds Plaintiff Metzger as an additional named plaintiff but does not materially alter the nature of the wage-and-hour claims alleged.[1] As relevant to the alternative federal question basis for removal asserted below, Plaintiffs allege meal-period, rest-period, wage, and overtime claims on behalf of putative hourly-paid or non-exempt employees, including claims that necessarily implicate the terms, application, and effect of collective bargaining agreements governing at least some putative class members, including Plaintiff Warren.

The Complaint alleges claims under Washington wage-and-hour law on behalf of the following proposed class:

---

[1] For ease of reference, this Notice of Removal will refer to the allegations in the Complaint except where explicit reference to the FAC is necessary.



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WASHINGTON 98101
TEL.: (206) 682-2308 | FAX: (206) 682-7908

> All current and former hourly-paid or non-exempt employees who worked for Defendants [sic] within the State of Washington at any time during the period from three (3) years preceding the filing of this Complaint to final judgment.

Complaint ¶ 42. The Complaint alleges, among other things, that Defendant failed to provide compliant meal periods and rest periods, failed to pay minimum, regular, and overtime wages, failed to timely pay wages during employment and upon termination, failed to accrue and allow use of paid sick leave, failed to furnish complete wage statements, failed to maintain adequate records, and failed to reimburse alleged business expenses. The Complaint also seeks class certification, unpaid regular and overtime wages, compensatory damages, restitution, exemplary or punitive damages, double damages, treble damages, liquidated damages, civil and statutory penalties, injunctive relief, pre- and post-judgment interest, attorneys' fees, costs, and other relief.

As to at least certain putative class members, including Plaintiff Warren, Plaintiffs' allegations are intertwined with and substantially dependent upon the interpretation and application of a collective bargaining agreement ("CBA"). Among other things, the CBA contains a specific meal-period provision addressing circumstances in which an employee is directed to work through a normal meal period, the timing of a later meal period, and the premium to be paid if a one-half hour meal period is not provided within one hour of the established plant meal period. The CBA also contains detailed overtime provisions governing when overtime is earned and the applicable premium rates. To the extent Plaintiffs seek to impose liability based on meal-period or overtime theories as to CBA-covered employees, those claims present issues arising under federal labor law and are completely preempted by Section 301 of the LMRA. Cavner Decl. ¶ 8, Ex. A.

Defendant denies Plaintiffs' allegations and denies that Plaintiffs or any putative class member is entitled to any relief. Defendant also denies that the class definition for the putative class is appropriate. For purposes of CAFA jurisdiction, however, the amount placed in



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WASHINGTON 98101
TEL.: (206) 682-2308 | FAX: (206) 682-7908

controversy is determined by the claims and relief Plaintiffs have put at issue, not by Defendant's defenses on the merits.

Defendant does not make or intend to make any admission of fact, law, liability, or damages in this Notice of Removal. Defendant reserves all defenses, affirmative defenses, objections, and motions. Defendant also does not waive, and expressly reserves, all rights to challenge the propriety of certification under the applicable rules. Defendant further reserves all rights to contend that Plaintiffs' claims, or portions thereof, are preempted, barred, limited, subject to grievance or arbitration procedures, or otherwise governed by applicable collective bargaining agreements. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal to Federal Court, to which this Notice of Removal shall be attached, with the Clerk of the Superior Court of Washington for King County, from which this case was removed, and serve these documents on Plaintiffs. A true and correct copy of the state court Notice of Removal to Federal Court is attached as Exhibit A to Macario Decl.

## II. <u>REMOVAL IS TIMELY</u>

This Notice of Removal is timely filed, pursuant to 28 U.S.C. section 1446(b), because it is filed and served within thirty days of service of the Complaint. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."). Plaintiff Warren served his Complaint on Defendant on July 1, 2026. Cavner Decl. ¶ 5.

To the extent the FAC is deemed the operative pleading for any claims first asserted or clarified therein, this Notice is also timely under 28 U.S.C. § 1446(b)(3) because it is filed within thirty days after Defendant's receipt of the FAC. The FAC added Plaintiff Metzger as a named



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WASHINGTON 98101
TEL.: (206) 682-2308 | FAX: (206) 682-7908

plaintiff and preserved the same operative wage-and-hour theories, including the meal-period and overtime allegations discussed below.

## III. VENUE IS PROPER

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States and division embracing the place where such action is pending." *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953) (holding the venue of a removed action is governed by 28 U.S.C. § 1441(a) and is properly set in the district where the action is pending). This Court (the Western District of Washington at Seattle) embraces the King County Superior Court, which is where the Complaint was originally filed. Accordingly, this Court is the appropriate federal district court to which to remove this action.

## IV. SUBJECT MATTER JURISDICTION EXISTS

### A. Removal Under CAFA

CAFA, 28 U.S.C. section 1332(d), gives this Court original jurisdiction over this Action. "CAFA gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015); 28 U.S.C. § 1332(d)(2) and (6). As the Ninth Circuit has noted, CAFA "significantly expanded federal jurisdiction in diversity class actions." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 398 (9th Cir. 2010).

The Supreme Court has advised "that no antiremoval presumption attends cases invoking CAFA," in part because the statute was enacted "to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WASHINGTON 98101
TEL.: (206) 682-2308 | FAX: (206) 682-7908

Thus, “CAFA’s provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.” *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (reversing remand of putative class action based on CAFA where the trial court improperly “put[] a thumb on the scale against removal and questioning its statement that removal “must be rejected if there was any doubt as to removal); *Ibarra*, 775 F.3d at 1197 (“Congress intended CAFA to be interpreted expansively.”). As set forth below, this case meets each of CAFA’s requirements for removal and is timely and properly removed by the filing of this Notice.

**1. <u>The Putative Class Exceeds 100 Members.</u>**

CAFA’s numerosity requirement is met because the putative class contains at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiffs allege that the putative class consists of all current and former hourly-paid or non-exempt employees who worked for Defendant within Washington at any time during the period from three years preceding the filing of the Complaint to final judgment. Complaint ¶ 42. Plaintiffs further allege that the class is “approximately fifty (50) or more individuals” and that the identities of class members are readily ascertainable from Defendant’s records. *Id.* ¶ 45.

Defendant’s preliminary review of employment and human-resources records confirms that the putative class exceeds 100 individuals. Specifically, during the three-year period preceding the filing of the Complaint, roughly 1,800 current or former hourly-paid or non-exempt employees worked for Defendant within Washington. Cavner Decl. ¶ 7. Accordingly, CAFA’s 100-member requirement is satisfied.



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WASHINGTON 98101
TEL.: (206) 682-2308 | FAX: (206) 682-7908

**2. <u>Minimal Diversity Exists.</u>**

CAFA requires only minimal diversity, that is, that any member of a class of plaintiffs is a citizen of a state different from any defendant. *See* 28 U.S.C. §§ 1332(d)(2)(A) and 1453. That standard is satisfied here because at least one member of the putative class is a citizen of a different state than Defendant.

Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (determining that a corporation's principal place of business, or "nerve center," will typically be where its headquarters is located). Here, Defendant is incorporated in Delaware and has its principal place of business in Bellevue, Washington. High level officers of PACCAR regularly work, direct, control, and coordinate activities from Bellevue, Washington. Cavner Decl., ¶ 4.

For diversity purposes, a person is a "citizen" of the state in which they are domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Domicile requires both physical presence and intent to remain, and courts routinely treat residence as prima facie evidence of domicile and thus citizenship. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Lee v. BMW of N. Am., LLC*, No. SACV1901722JVSADSX, 2019 WL 6838911, at *2 (C.D. Cal. Dec. 16, 2019) (finding that plaintiff's residence was sufficient prima facie evidence of citizenship absent evidence to the contrary).[2]

A preliminary review of PACCAR's human resources records indicates that multiple non-exempt employees who fall within the putative class and were assigned to worked in Washington

---

[2] Here, "allegations of citizenship may be based solely on information and belief." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WASHINGTON 98101
TEL.: (206) 682-2308 | FAX: (206) 682-7908

locations during the alleged class period do not live in the state of Washington. Cavner Decl. ¶ 7. Specifically, during the alleged putative class period (three years prior to filing of the Complaint), 10 such individuals reported to Washington locations but provided home addresses outside of the State of Washington. *Id.* These individuals lived in States such as Arkansas, California, Florida, Hawaii, Montana, Oklahoma, and others. Of those individuals, one or more are current, active, non-exempt and/or hourly Defendant's employees who reside outside of the State of Washington but are assigned to Washington office locations. *Id.* Defendant believes the Named Plaintiff Warren currently resides outside of the State of Washington. *Id.*

Accordingly, because at least one putative class member is a citizen of a different state than Defendant's, CAFA's requirement for minimal diversity is satisfied. *See* 28 U.S.C. § 1332(d)(2)(A) (diversity is satisfied under CAFA if "any member of a class of plaintiffs is a citizen of a State different from any defendant").

**3. <u>The CAFA Amount in Controversy Requirement is Met.</u>**

To confer subject-matter jurisdiction on this Court under CAFA, the amount in controversy must exceed the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of the individuals comprising a putative class are aggregated to determine if the amount in controversy exceeds the $5,000,000 jurisdictional threshold. *Id.* § 1332(d)(6). Economic damages, non-economic damages, general damages, and attorneys' fees are all included in determining the amount in controversy. *See, e.g.*, *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).

A defendant seeking removal under CAFA must prove by a preponderance of the evidence, rather than to a legal certainty, that the amount in controversy exceeds $5,000,000, even when the



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WASHINGTON 98101
TEL.: (206) 682-2308 | FAX: (206) 682-7908

plaintiff alleges damages below that threshold. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013). A plaintiff's attempts to evade federal jurisdiction through pleading tactics and waivers that artificially limit the amount in controversy will be invalidated. *See*, *e.g.*, *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 590-95 (2013); *Back Drs. Ltd. V. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011).

Although Defendant denies Plaintiffs' allegations and deny that the putative class is entitled to any relief from Defendant, for purposes of determining the amount in controversy, the Court must assume the allegations in the Complaint are true. Further, a defendant's notice of removal need only include a "plausible allegation that the amount in controversy exceeds [this] jurisdictional threshold." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 89. Defendants in CAFA cases are permitted to make reasonable assumptions, follow "a reasonable chain of logic," and make reasonable calculations to plead that the amount in controversy exceeds the CAFA threshold. *See LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015) ("[D]efendants relied on a reasonable chain of logic and presented sufficient evidence to establish that the amount in controversy exceeds $5 million."). CAFA's amount-in-controversy requirement is satisfied under these pleading standards.

Here, the Complaint places more than $5,000,000 in controversy. Plaintiffs seek, on a classwide basis, unpaid regular wages, minimum wages, overtime wages, meal period compensation, rest period compensation, paid sick leave amounts, business expense reimbursements, wage statement and recordkeeping-related relief, termination wages, restitution, civil and statutory penalties, exemplary or punitive damages, double damages, treble damages, liquidated damages, injunctive relief, attorneys' fees, costs, and interest. Based on Defendant's preliminary review, the putative class includes at least 100 hourly-paid or non-exempt employees



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WASHINGTON 98101
TEL.: (206) 682-2308 | FAX: (206) 682-7908

who worked in Washington during the putative class period. Cavner Decl. ¶ 7. The relevant period spans three years before the Complaint was filed through final judgment. For purposes of this Notice, Defendant conservatively uses the three-year pre-filing period only.

Defendant denies that Plaintiffs or any putative class member missed any legally required meal or rest period, performed unpaid off-the-clock work, was denied paid sick leave, was underpaid, or is owed any amount. But assuming Plaintiffs' allegations are true for purposes of removal only, and applying reasonable calculations to the classwide allegations, the amount in controversy exceeds $5,000,000.

**a. Meal-Period Claims**

Plaintiffs allege that Defendant failed to provide compliant meal periods and failed to provide 30 minutes of additional pay or time worked for each late, shortened, missed, or noncompliant meal period. Plaintiffs seek classwide damages, enhanced damages, penalties, attorneys' fees, and related relief based on those allegations.

Using a conservative calculation based on 1,800 putative class members, an average of 40 workweeks per year per class member during the three-year period, an assumed violation rate of one missed or noncompliant meal period per workweek, at the lowest minimum wage for the class period as defined by Plaintiffs ($15.74 per hour),[3] Plaintiffs' meal-period theory places at least $3,399,840 in controversy before any enhanced damages, penalties, or attorneys' fees.

---

[3] The applicable pay rate for Plaintiffs and other putative class members is likely higher. However, for purposes of calculating the potential exposure for meal and rest period premiums for Defendant's Notice of Removal, Defendant assumes that all non-exempt employees in Washington earned $15.74 per hour, which was the minimum wage in Washington employee from January 1, 2023 through December 31, 2023. The State's minimum wage was increased to $16.28 per hour in 2024, $16.66 in 2025, and $17.13 in 2026. *See* https://lni.wa.gov/workers-rights/wages/minimum-wage/history-of-washington-states-minimum-wage (last visited 07/30/2026). Using the lowest applicable minimum wage results in very conservative calculations as many employees earned more than this wage.



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WASHINGTON 98101
TEL.: (206) 682-2308 | FAX: (206) 682-7908

If the calculation includes the double damages Plaintiffs seek for alleged willful withholding of wages, the amount in controversy attributable to meal-period claims increases to at least $6,799,680.

**b. Rest-Period Claims**

Plaintiffs allege that Defendant failed to provide compliant paid 10-minute rest periods and failed to provide 10 minutes of additional pay or time worked for each late, shortened, missed, or noncompliant rest period. Plaintiffs seek classwide damages, enhanced damages, penalties, attorneys' fees, and related relief based on those allegations.

Using a conservative calculation based on 1,800 putative class members, an average of 40 workweeks per year per class member during the three-year period, an assumed violation rate of two missed or noncompliant rest periods per workweek, and an average hourly rate of $15.74/hour, Plaintiffs' rest-period theory places at least $1,133,280 in controversy before any enhanced damages, penalties, or attorneys' fees.

If the calculation includes the double damages Plaintiffs seek for alleged willful withholding of wages, the amount in controversy attributable to rest-period claims increases to at least $2,266,560.

**c. Overtime, Minimum-Wage, Off-the-Clock, Paid Sick Leave, Reimbursement, and Termination-Wage Claims**

Plaintiffs also allege that Defendant failed to compensate putative class members for all hours worked, including off-the-clock work; failed to pay minimum, regular, and overtime wages; failed to accrue and allow use of paid sick leave; failed to reimburse business expenses; and failed to timely pay wages during employment and upon termination. These claims are difficult to calculate but place additional amounts in controversy above and beyond the meal and rest break claims above.



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WASHINGTON 98101
TEL.: (206) 682-2308 | FAX: (206) 682-7908

**d. <u>Enhanced Damages, Penalties, and Attorneys' Fees</u>**

The Complaint seeks exemplary or punitive damages, double damages, treble damages, liquidated damages, civil and statutory penalties, restitution, and other monetary relief. These amounts are properly considered in determining the amount in controversy because Plaintiffs have placed them at issue.

The Complaint seeks to recover attorneys' fees, which are recoverable under relevant law if Plaintiffs prevail. If attorneys' fees are recoverable by the plaintiff, the fee claim is included in determining the amount in controversy. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract."); *Galt*, 142 F.3d at 1156 ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

In the Ninth Circuit, the attorneys' fee benchmark is twenty-five percent of a settlement or judgement in a class action. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent."); *Arreola v. Shamrock Foods Co.*, No. 19-cv-04123, 2021 WL 4220630, at *6 (C.D. Cal. Sept. 16, 2021) (acknowledging the 25% Ninth Circuit benchmark and granting plaintiff's request for attorneys' fees equaling 28.8% of the gross value fund in a class action).



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WASHINGTON 98101
TEL.: (206) 682-2308 | FAX: (206) 682-7908

As demonstrated above, Plaintiffs' allegations in the Complaint assert claims for damages far in excess of the $5,000,000 required for CAFA removal, even without taking into account an award of reasonable attorneys' fees.[4]

**B. <u>Independent Federal-Question Jurisdiction Also Exists Under Section 301 of the LMRA.</u>**

This Court also has original jurisdiction under 28 U.S.C. § 1331 because at least certain claims asserted by Plaintiff Warren and certain putative class members are completely preempted by Section 301 of the LMRA, 29 U.S.C. § 185. Section 301 governs "[s]uits for violation of contracts between an employer and a labor organization," and claims founded directly on rights created by a collective bargaining agreement, or substantially dependent on analysis of such an agreement, arise under federal law for jurisdictional purposes. *See*, *e.g.*, *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 403 (1988) (quoting 29 U.S.C. § 185(a)); *Livadas v. Bradshaw*, 512 U.S. 107 (1994).

Here, Plaintiff Warren was employed in a bargaining-unit position subject to a CBA. Cavner Decl. ¶ 8. The CBA includes a specific meal-period provision that governs what occurs "[w]hen an employee is directed by the Employer to continue working through the employee's normal meal period," requires the employee to be scheduled "a meal period at the first available opportunity thereafter," and provides that "[i]f such employee is not provided a one-half (1/2) hour meal period within one (1) hour of the established plant meal period, the employee shall be paid one-half (1/2) hour overtime for such half hour." Cavner Decl. ¶ 8, Ex. A. The CBA also contains detailed overtime provisions governing overtime entitlement and premium rates.

---

[4] Specifically, applying the 25% attorneys' fee estimate to the classwide wage, premium, enhanced damages, and penalty amounts placed in controversy adds at least $2,266,560 to the amount in controversy.



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WASHINGTON 98101
TEL.: (206) 682-2308 | FAX: (206) 682-7908

Plaintiffs allege, among other things, that Defendant failed to provide compliant meal periods, failed to pay all minimum, regular, and overtime wages, and failed to pay premium amounts allegedly due for noncompliant meal periods. As to Plaintiff Warren and any putative class members covered by the CBA, adjudication of those claims necessarily requires analysis and interpretation of CBA provisions governing meal periods, timing of delayed meal periods, premium pay for delayed meal periods, overtime eligibility, and overtime pay. Those claims are therefore completely preempted by Section 301 and removable on that independent basis as well.

Defendant acknowledges that Plaintiff Metzger is not believed to have been covered by the same bargaining-unit agreement. But that does not defeat removal. CAFA supplies an independent and sufficient basis for removal of the action as a whole, and Section 301 provides an additional basis for federal jurisdiction at least as to Plaintiff Warren's CBA-governed claims and the claims of similarly situated putative class members covered by the CBA.

## V. NOTICE OF REMOVAL TO PLAINTIFF AND STATE COURT

In accordance with 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be served promptly on Plaintiffs' counsel and filed with the Clerk of the King County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 will be followed and satisfied. A copy of the Notice to State Court of Removal to Federal Court is attached as Exhibit A to Macario Decl.

## VI. CONCLUSION

Subject matter jurisdiction exists under 28 U.S.C. § 1332(d) because there is minimal diversity of citizenship because Defendant is a Washington citizen and at least one putative class member is domiciled outside Washington. The putative class exceeds 100 members, and as pled, the aggregate amount in controversy exceeds the jurisdictional minimum. In addition, federal-



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WASHINGTON 98101
TEL.: (206) 682-2308 | FAX: (206) 682-7908

question jurisdiction exists under 28 U.S.C. § 1331 because at least certain claims asserted by Plaintiff Warren and certain putative class members are completely preempted by Section 301 of the LMRA, 29 U.S.C. § 185. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441, 1446, and 1453, and all other legal authority cited in this Notice, and Defendant has properly removed this action to this Court. Defendant reserves, and does not waive, any objections it may have to jurisdiction, venue, and all other defenses or objections.

DATED this 31st day of July, 2026.

FISHER & PHILLIPS LLP

*s/ Matthew J. Macario*
Matthew J. Macario, WSBA #26522

*s/ Sieu Che*
Sieu Che, WSBA #40422

1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Tel.: (206) 682-2308 | Fax: (206) 682-7908
Email: mmacario@fisherphillips.com
sche@fisherphillips.com

*Attorneys for Defendant PACCAR Inc and its unincorporated internal department Kenworth Truck Company*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies under the laws of the United States that on the date written below, I caused a true and correct copy of the foregoing document to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Albert H. Kirby, WSBA #40187
Benjamin J. Stone, WSBA #33436
Joanna Ghosh, WSBA #65285
Chad Saunders, WSBA #65554
LAWYERS *for* JUSTICE, P.C.
701 Pike Street, Suite 1650
Seattle, WA 98101
Tel.: (425) 521-5121 | Fax: (818) 265-1021
Email: joanna@calljustice.com
b.stone@calljustice.com
c.saunders@calljustice.com
a.kirby@calljustice.com
*Attorneys for Plaintiff*

DATED this 31st day of July, 2026, at Seattle, Washington.

FISHER & PHILLIPS LLP

Lisa Britton, Legal Assistant
Email: lbritton@fisherphillips.com